**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**NEWREZ LLC, et al.,**

***Plaintiffs*,**

**v.** **Case No. 5:26-CV-4552-JKP-KGS**

**GREGORY LEE, et al.,**

***Defendants*.**[1]

**MEMORANDUM OPINION AND ORDER**

Through a Notice of Removal (ECF No. 1), pro se Defendants Gregory Lee and Shiho Lee attempt to remove six state cases arising in Comal and Harris counties. They contend that no filing fee is required or may be imposed. They have paid no filing fee to date. As they did in a prior case, *see Newrez LLC v. Lee*, Case no. 5:25-CV-1072-JKP, defendants attempt to characterize themselves as plaintiffs in this case. But they are defendants and the Court will not engage in their gamesmanship. They seek to consolidate the six state actions through Fed. R. Civ. P. 42(a). *See* ECF No. 2. They have filed an opposition to remand (ECF No. 3) before the filing of any motion for remand. They seek reconsideration of state court cases brought against them. *See* ECF No. 4. And after the Court referred the case to the Magistrate Judge, *see* ECF No. 7, Defendants sought to correct the caption of the case with them listed as plaintiffs, *see* ECF No. 11, and declined to proceed before a Magistrate Judge, *see* ECF No. 12.

The County of Comal, Texas, (”the County”) a plaintiff in this action, has filed an Opposed Motion to Remand (ECF No. 9). That same day, Defendants filed a Petition for Determination of Federal Questions and to Compel Performance Of Ministerial Duty (ECF No. 13); a Statement of

[1] Although parties are identified as petitioners and respondents in state court, such parties are properly identified as plaintiffs and defendants in federal court. And the Court declines to alter the roles of the parties as requested by Defendants.

Due Process Violation and Rebuttal of All Contrary Presumptions (ECF No. 14); and a Memorandum of Law (ECF No. 15) addressing service of process.

The next day, the assigned Magistrate Judge for this case issued a Show Cause Order (ECF No. 17) directing Defendants to show cause, on or before August 14, 2026, why this case should not be dismissed for failure to pay the filing fee and warning that the Court may dismiss this action should Defendants fail to comply with the order. Between the filing of that Show Cause Order and August 14, 2026, Defendants filed a Subpoenas Duces Tecum (ECF No. 18) purportedly issued under a Texas rule of procedure; twenty various filings characterized as petitions (ECF Nos. 20, 22-26, 28-31, and 34-43); an alleged judicial oath violation (ECF No. 21); and a notice of corrected caption (ECF No. 27). None of these various filings comply with the Show Cause Order.

Since August 14, 2026, Defendants have continued to inundate the Court with miscellaneous filings without complying with the Show Cause Order. *See* ECF Nos. 44-46, 50-51, 53, and 55-56. During that same time frame, the County has filed two Advisories Regarding Expiration of Show Cause Deadline and Motion for Expedited Ruling on Motion to Remand (ECF Nos. 48 and 49), both docketed as motions, to which Defendants have filed no response.

Suffice to say, as they did in their prior removal attempt, Defendants have abused the litigation process. The abuse commenced immediately by their attempt to remove six separate state cases with one notice of removal, improperly contending that no filing fee is required nor may one be imposed, their motion to consolidate such actions, their opposition to remand filed before any motion to remand, and their motion to reconsider various state cases. They continued their abuse by seeking to change the caption of this case and by declining to proceed before a Magistrate Judge.

The Magistrate Judge properly issued the Show Cause Order, to which Defendants have yet to reply despite their numerous filings. In cases originally filed in this Court, the failure to pay

the filing fee or move to proceed in forma pauperis would certainly result in dismissal of the action. But that is not the proper remedy for a failure to pay the filing fee in a case removed to federal court by defendants. *See Deutsche Bank Nat'l Tr. Co. v. Piersall*, No. 3:15-CV-1782-D, 2015 WL 12743763, at *1-2 (N.D. Tex. Aug. 27, 2015). The proper remedy in such circumstances is to "remand th[e] case to the court from which it was removed." *Id*. at *2. And the Court finds that remedy appropriate under the facts here.

Moreover, the County has moved to remand this case for lack of jurisdiction. As characterized by the County, its state case "is a routine delinquent ad valorem property tax collection suit," originally styled as Cause No. T-11246A. The County asserts four independent reasons for remand, any one of which it contends is dispositive of the matter: (1) lack of jurisdiction; (2) adjudication bar resulting from the Tax Injunction Act; (3) inapplicability of 28 U.S.C. § 1443; and (4) at least five procedural defects in the removal, including (a) attempting to remove six separate case in one notice; (b) attempted removal of a Harris County case to a district that does not embrace Harris County; (c) purported participation of persons who are not parties to the underlying state cases; (d) failure to pay the filing fee; and (e) failure to attach the state court record.

For the reasons stated in the motion, Defendants have not shown any basis for federal jurisdiction. Although the prior case that Defendants sought to remove to federal court was a foreclosure action concerning property of Defendants, *see Newrez LLC v. Lee*, No. 5:25-CV-1072-JKP, 2025 WL 2988468, at *1-3 (W.D. Tex. Oct. 22, 2025), this case results in the same fate, i.e., remand to state court. Indeed, one of the six removed cases (Cause No. C2025-0636E) is the same one previously remanded by this Court. For essentially the same reasons that resulted in remand in the prior case, i.e, lack of jurisdiction and inapplicability of § 1443, the Court finds that remand is proper for this case. *See id*. And this appears true for each of the six cases sought to be removed. The Court need not revisit those reasons here.

**A. Cost and Expenses, including Fees**

The County also seeks an award of just costs and actual expenses under 28 U.S.C. § 1447(c) because Defendants had no objectively reasonable basis for seeking removal. The Court has discretionary authority to award costs and expenses, including attorney fees when ordering a removed case remanded to state court. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When the text of a fee-shifting provision "does not specify any limits upon the district courts' discretion to allow or disallow fees," the courts' "discretion is rarely without limits" considering the American system of laws. *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989) (quoted with approval in *Martin*, 546 U.S. at 139).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140. Accordingly,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Id*. at 141. Courts should only award attorney fees when "the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)).

In this case, it is easy to see that Defendants lacked any objectively reasonable ground to believe that removal was legally proper. This Court has already once explained to Defendants why

removal was improper in a materially indistinct case. Not only is the removal improper in this case, but Defendants improperly removed six state cases with one notice. They also failed to comply with the precise dictate of § 1446(a), which states that "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." By attempting to remove a civil action from Harris County, which is not within the territorial confines of the San Antonio Division of the Western District of Texas, Defendants failed to comply with § 1446(a).

The Court finds that the circumstances of this case warrant an award of just costs and actual expenses, including attorney fees. Accordingly, on or before September 25, 2026, any plaintiff who has incurred actual expenses, including attorney fees, as a result of the removal by Defendants may file an affidavit of fees and expenses with appropriate documentation. On or before October 1, 2026, Defendants may file one and only one response to any such affidavit.

**B. Other Sanctions**

Because the notice of removal in this case is one of a series of filings that appear calculated to prevent the state court from reaching the merits, the County requests that any order of remand direct that Defendants obtain leave of this Court before filing any further notice of removal of Cause No. T-11246A.

"Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996)). In general, imposition of sanctions is a discretionary matter. *Calsep A/S v. Dabral*, 84 F.4th 304, 310 (5th Cir. 2023). And courts abuse their discretion when they fail "to employ the least severe sanction adequate to achieve the desired result." *Scaife*, 100 F.3d at 411

(addressing inherent power to sanction); *accord Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (requiring "least severe sanction available" for sanctions imposed).

In the prior action removed by Defendants, the Court addressed Defendants' clear abuse of the litigation system. *See Newrez LLC v. Lee*, No. 5:25-CV-1072-JKP, 2025 WL 3471022, at *3 (W.D. Tex. Dec. 2, 2025). It therein stated:

> The pro se Defendants are clearly abusing the litigation system given the proliferation of redundant filings in this closed case. **Considering the clear abuse in this case, the Court hereby ORDERS that, unless otherwise directed through court order, the Clerk of Court will continue to docket future filings in this case as normal, but the Court will take no independent action on any motion unrelated to a filed notice of appeal (titled as such).** *See Carr v. Arnold*, No. 2:25-CV-00266-LK, 2025 WL 2510976, at *2 (W.D. Wash. Sept. 2, 2025) (imposing a similar sanction for filing several meritless post-judgment motions for relief from judgment). **Any motion unrelated to a properly filed notice of appeal will be summarily denied by virtue of this order and so indicated on the docket by the Clerk of Court.** While this "Court has considerable patience . . . it does not have the resources to repeatedly address serial frivolous requests for Rule 60(b) relief by a vexatious litigant where the only possible remaining procedural remedy at this point, on any arguendo potentially viable ground, would be in the Court of Appeals." Bacon v. Skolinik, No. 2:07-CV-00821-KJD-RJ, 2014 WL 1295046, at *3 n.4 (D. Nev. Mar. 31, 2014).
>
> In addition, the Court expressly **WARNS** the pro se Defendants that future abuse of the litigation process in this case or any other federal case may result in the imposition of more severe sanctions, up to and including a monetary sanction payable to the Court for each improper filing and/or a pre-filing injunction that limits their ability to make additional filings in this case or any case within the Western District of Texas.

*Id*.

Because prior imposed sanctions have had no deterrent effect on Defendants' abusive litigation strategies despite the Court's warnings, additional sanctions are necessary. As an **additional sanction**, the Court hereby **ORDERS** that Gregory Lee and Shiho Lee are **monetarily sanctioned in the amount of $1,000.00.** They shall pay this amount directly to the clerk of this court "for deposit into the Treasury of the United States." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). Until they pay the sanction in full and provide proof of payment, any new filing (with the exception of an appeal of this order or a response to an affidavit regarding fees as

discussed earlier) in the Western District of Texas may be disregarded and/or summarily denied based on a failure to show payment of the monetary sanction. If Defendants decide to file an appeal in this case, they will include the full filing fee for this case as well as the full appellate filing fee.

**Further**, until the $1,000 sanction is paid, Gregory Lee and Shiho Lee **will be monetarily sanctioned in the amount of $100.00 for each future filing** (other than those permitted in the preceding paragraph) either of them makes. If Gregory Lee and Shiho Lee continue their abusive tactics and actions, a court may also consider requiring them to pay a monetary fee (over and above normal fees for commencing an action) contemporaneously with each future filing whether in an existing case or an attempt to commence a new case.

The Court **also finds it to be a reasonable sanction to entirely preclude** Defendants from filing any notice of removal of Cause No. T-11246A pending in the 22nd Judicial District Court, Comal County, or the other five cases sought to be removed in this case (Cause No. T-11465A in the 22nd Judicial District Court, Comal County; Cause Nos. C2025-0636E, C2026-0193E, and C2026-0729E in the 466th Judicial District Court, Comal County; and Case No. 90316598 in the Harris County Court). Not only have Defendants failed to pay any filing fee for the instant removal, but they have also not properly removed these matters. The removal statutes do not contemplate serial removals simply because a defendant or defendants want to be in federal court. Any future notice of removal of any of these six state cases will have no legal effect and the state courts may continue with those cases as though Defendants had not filed another notice of removal.

**Furthermore, Defendants are hereby precluded from filing any notice of removal in this Court absent an order from a judge** of the Western District of Texas permitting such notice of removal. Any future notice of removal by either defendant shall be accompanied by an order permitting the filing. Absent such pre-filing order of the Court, the removal attempt will have no effect and the case sought to be removed will be subject to immediate remand.

**Similarly, Gregory Lee and Shiho Lee are hereby enjoined from commencing any civil action in any federal district court within the jurisdiction of the Fifth Circuit unless they first seek leave and obtain permission from a judge in the filing district**. For purposes of this prefiling injunction, commencing a new federal civil action includes the transfer of cases between federal courts and the removal of a state case to federal court whether the removing party is Gregory Lee, Shiho Lee, or a state defendant sued by one of them. This prefiling injunction applies whether the case proceeds pro se or with counsel.

To seek leave of court, one must file a motion for leave that sets out reasons for the Court to grant leave to proceed with the removed or proposed civil action. For a proposed new civil action, the motion shall attach a copy of the proposed civil complaint. In addition, Gregory Lee and Shiho Lee shall also separately file the following with any motion for leave:

> (a) An application or motion to proceed in forma pauperis with sufficient financial information to issue a ruling. Alternatively, they shall pay the appropriate filing fee plus the applicable administrative fee for civil actions. Moving to proceed in forma pauperis does not eliminate the need for judicial approval for filing the complaint and courts will most likely see no need to address in forma pauperis unless leave to file is granted. Similarly, if in forma pauperis is denied, that alone may provide a basis for denying the requested leave.
>
> (b) A "Notice Regarding Sanctions" that identifies by case number and order date (i) every sanction imposed upon person seeking leave and (ii) every sanction warning issued to him or her, whether by a federal or state court. As an attachment to such notice, the person seeking leave shall provide (i) a copy of each order that imposes sanctions or issues a sanction warning and (ii) a copy of the Memorandum Opinion and Order issued in this case.
>
> (c) A "Proof of Payment" or "Status Update on Payment" for every imposed monetary sanction.

For the foregoing reasons, the Court **GRANTS** the Opposed Motion to Remand (ECF No. 9). It also finds that the circumstances warrant an award of just costs and actual expenses, including attorney fees, and thus permits any plaintiff who has incurred actual expenses, including attorney fees, as a result of the removal by Defendants to file an affidavit of fees and expenses with appropriate documentation **on or before September 25, 2026**. **On or before October 1, 2026,**

**Defendants may file one and only one response to any such affidavit. The Court further finds that the circumstances warrant imposition of additional sanctions as imposed herein.** Because the Court has granted the motion to remand based upon a lack of jurisdiction, the Court **MOOTS** all other motions (ECF Nos. 2, 3, 4, 5, 19, 40, 47, 48, 49, and 53). To the extent there may be unaddressed requests or motions in the litany of other filings, the Court also finds them moot.

By separate order, the Court will remand this case to the 22nd Judicial District Court, Comal County, Texas, Cause No. T-11246A. Because Defendants purport to remove five other cases (Cause No. T-11465A in the 22nd Judicial District Court, Comal County; Cause Nos. C2025-0636E, C2026-0193E, and C2026-0729E in the 466th Judicial District Court, Comal County; and Case No. 90316598 in the Harris County Court), the Court further directs the Clerk of Court to remand this case to those courts for those cause numbers to the extent necessary.

**SIGNED this 11th day of September 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**